## M. B. HAAS & CO. v. J. W. LEES.

1. APPEAL, *Operates as Appearance, and Confers Jurisdiction of the Person.* If, in an action pending before a justice of the peace, a judgment is rendered as upon default against a defendant who has not been duly served with a summons, and such defendant appears within ten days from the rendition of the judgment and presents an appeal-bond to be filed and approved by the justice, which is accordingly done, he thereby appears in the action, and submits to the jurisdiction of the court, and cannot afterward be allowed to deny such jurisdiction.

2. APPEALS—*To be Favored.* Appeals are favored, and mere technical defects or omissions are to be disregarded, as far as possible, without obstructing the course of justice.

3. ———— *Taking and Approving Bond; Date of Approval.* Where a judgment is rendered before a justice of the peace on December 14th, and

Haas v. Lees.

the office of such justice becomes vacant by his removal from the township, and his dockets and papers are deposited with the nearest justice of the township, and such justice receives an appeal-bond signed by the defendant and a sufficient surety on December 24th, and within ten days from the rendition of the judgment, and then returns the bond by mail to the attorneys of the defendant to have the surety justify, and receives the bond back after the ten days has expired, but indorses the bond filed and approved of the date he originally received the same, *held*, that such filing and indorsement relate back to the time the bond was first received, and thereby the appeal is considered as perfected within time.

4. ———·*Quære:* Can a justice of the peace, who has filed and adjudged an appeal-bond of a date anterior to the time the indorsements are made thereon, he permitted thereafter, in a direct proceeding, to contradict his official acts as to the time such indorsements were made, by his own testimony to the court? (The question suggested, but not decided.)

### Error from Marshall District Court.

ACTION by *Lees*, as plaintiff, against *M. B. Haas* and *H. B. Haas*, partners as "*Haas & Co.*" There is nothing in the record which shows the nature of the action, nor the amount of the judgment. The proceedings in the justices court, and in the district court, upon which the questions here are raised, are stated in the opinion, *infra*. The district court, at the August Term 1875, dismissed the appeal, and from such order of dismissal *Haas & Co.* appeal, and bring the case here for review.

*Clough & Wheat*, and *John A. Broughton*, for plaintiffs in error, contended, 1st, that the judgment was improperly rendered against Haas & Co., in the justices court, because there was neither service of summons upon, nor general appearance by, either of the defendants in that court; 2d, the appeal was improperly dismissed in the district court. The summons was directed to a deputy constable of Blue Rapids township, and was returned by him as such deputy constable. This was error, and gave the court no jurisdiction of the persons of said defendants. (Gen. Stat. 776, § 11.) Nor did the summons contain the *names* of the defendants, nor did it describe them, as required by said § 11. There was no appear-

ance by defendants before the justice, except for the special purpose of moving to dismiss the action, or perhaps more properly speaking, to quash the summons. Notwithstanding, it was error to dismiss the appeal. The bond required by § 121 of the justices act was filed within ten days after the rendition of the judgment. The only possible objection to the bond, was its non-approval by the justice within the ten days. This is no ground for dismissal; 8 Kas. 419; 13 Ohio St., 489; 23 How. 1; 3 Mass. 85; 10 La. An. 487, 548; 1 Disney, 113.

The testimony of the justice who received the bond on the 24th of December, is, that the bond when received on that day was signed by Zellers as surety. It is not claimed that Zellers was not ample security, but merely that the justice did not know him. If the non-approval of a good bond can defeat an appellant's rights, then the justice may prevent any party from appealing by neglecting or refusing to approve any bond tendered within ten days after the rendition of the judgment. But here the justice indorsed the appeal-bond, "Filed, Dec. 24th, 1874," and this being the deliberate recorded act of said justice, he should not be allowed to stultify himself, by swearing *he did not do* what he has said in writing over his official signature in at least three places that *he did do.* 7 Ohio St., 480; 4 Blackf. 127; 8 Mich. 260. An officer cannot "contradict his official return by his oral testimony to the court;" 17 Kas. 613.

*J. D. Brumbaugh,* for defendant in error, maintained that appeal-bonds must be *approved* within ten days after the rendition of the judgment; § 121, justices act. The court properly dismissed the appeal, for the reason that no bond had been given in the time required by statute; 1 Mo. 595; 1 Ind. 261.

The opinion of the court was delivered by

HORTON, C. J.: On the 7th of December 1874, J. W. Lees, the defendant in error, filed his bill of particulars

against Haas & Co. before George W. Reece, a justice of the peace of Marshall county. On the same day a summons was issued to a deputy constable of Blue Rapids township in said county, commanding him to summon Haas & Co. to appear, etc., on the 14th of December 1874, etc., which was returned thus:

"Received this writ this 8th day of December 1874; served by delivering a copy with the indorsements thereon, duly certified thereto, to the within-named ——— Haas, December 8th 1874.      DELOS FORDHAM, *Dept. Constable.*"

On the return day, 14th of December, Mudgett & Smith, attorneys-at-law, appeared specially only for defendants, and filed a motion to dismiss the action for reasons therein stated. This motion was overruled, and without further service upon or appearance by Meyer B. Haas and Hartog B. Haas, judgment was rendered against them on said 14th of December, for $146, and costs. Two or three days after said trial, Messrs. Mudgett & Smith, attorneys for Haas & Co., prepared an appeal-bond and "had it properly signed by the surety, and inclosed and addressed to George W. Reece, justice of the peace, at Irving, Kansas," the justice before whom the case was tried. Two or three days after rendering said judgment, said Reece removed from Marshall county, and from the state, and his docket came into the possession of J. P. Turner, as justice of the peace, on the 20th of said December, under the provisions of § 191 of the justices act. On the 24th of December said Turner received the letter sent by Mudgett & Smith, as above stated, inclosing the bond directed to said Reece, justice of the peace, out of the post-office, opened it, saw the appeal bond, but did not approve it, but sent it back by mail the same day to Mudgett & Smith. The surety had in the meantime left the county temporarily, and the affidavit of justification by the surety was not sworn to till 6th January 1875. But the affidavit of surety was appended to the appeal-bond, and the bond returned into court with the affidavit of said surety attached thereto. The transcript of the justice's docket was filed (as were all the papers

in the case) in the office of the clerk of the district court of Marshall county, on the 29th of January 1875. Turner, as justice of the peace, received the bond back again from Mudgett & Smith in three or four weeks after it was returned to them on December 24th. In May following, said Turner indorsed the appeal-bond as follows: "*Approved by me this 24th day of December 1874.—J. P. Turner, Justice of the Peace.*" And he also wrote on the back of the bond the following: "*Lees vs. Haas & Co.—Defendants' appeal-bond.—Filed, Dec. 24th 1874.—J. P. Turner, J. P.*"

On the 25th of August 1875, the defendant in error filed a motion to dismiss the appeal in the case, for the following reasons:

"1st, Because there was no appeal-bond approved in this case within ten days from the rendition of the judgment in the court below.

"2d, Because there is no appeal-bond in this case ever executed and approved as required by law.

"3d, Because the appeal was not perfected as required by law, in this, to-wit, that the papers were not transmitted to this court within twenty days from the rendition of the judgment.

"4th, Because the transcript and an undertaking in appeal, and all the papers in this cause, were not transmitted to this court within twenty days from the rendition of the judgment.

"Affidavits will be used to support the motion."

This motion was sustained, and the appeal dismissed, and judgment rendered against the plaintiffs in error for costs. To this decision and judgment, exceptions were properly taken; and the plaintiffs in error claim, that the judgment was improperly rendered against them in the justices court, because there was neither service of summons upon, nor general appearance by, either of the defendants in that court; and that the appeal was improperly dismissed in the district court.

As to the first objection, to the order and judgment of the district court, the plaintiffs in error are in no condition to take any advantage of any defective service in the proceedings before the justice of the peace, (if any there was, which

we do not decide,) for by their appeal they are estopped from denying service of summons. Any defect existing in the service of process is thereby waived. The action of the plaintiffs in error, in presenting and having a bond of appeal filed and approved, is a submission in itself to the jurisdiction of the court; and they cannot now be permitted on error to allege a want of jurisdiction. *Fee v. Big Sandy Co.*, 13 Ohio St. 563.

The second objection is well taken, as the court below erred in dismissing the appeal on the motion filed by defendant in error. The bond was received by Turner, the justice of the peace, within due time; and although he returned it to the attorneys of the plaintiffs in error at once, to have the surety justify, yet he received it back again, and before it was filed in the district, and long before the motion to dismiss was made, he filed and approved the bond, as of the date it was originally received, and that date was within ten days from the rendition of the judgment. Under these circumstances, the appeal bond is held to have been filed in time, as shown by the records of the justice, and the indorsements on the bond itself. In this connection the question is suggested, whether the justice, who filed and approved the appeal-bond subsequent to the date of its reception by him, as of the time it was first received, can be permitted in a direct proceeding to contradict his official acts, as to the time such indorsements were made, by his own testimony to the court? We need not decide this interrogatory now. The bond stands as if filed and approved when first received by the justice, and thereby the appeal was perfected within time. Before the court convened, or the hearing of the motion to dismiss, all the papers in the case were duly filed with the clerk, and hence the failure of the justice to transmit the papers to the district court at an earlier date, furnished no good reason for any dismissal of the cause. Appeals are favored, and mere technical defects or omissions are to be disregarded, as far as possible, without obstructing the course of justice.

The order and judgment of the district court are reversed, and the cause remanded for further proceedings.

All the Justices concurring.