All the Justices concurring.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. ELIZABETH HURST *et al.*

1. JUSTICE'S COURT—*Appeal, When Complete.* An appeal from the judgment of a justice of the peace is complete upon the filing and approval of the appeal bond or undertaking within 10 days from the rendition of the judgment.

2. ———— *Perfecting Transcript.* The successor of a justice of the peace has the power, under the direction of the district court, to supply omissions in a transcript of his predecessor, and for that purpose may file with the clerk of the district court a new and completed transcript from the official records in his possession.

3. APPEAL BOND, *Amending.* Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount, the party appealing should be given an opportunity by the district court where the appeal is pending to change or renew the bond before the case is dismissed for a defect therein.

*Error from Cowley District Court.*

ON July 30, 1888, Alfred and Elizabeth Hurst commenced their action against the St. Louis & San Francisco Railway Company, before W. D. Kreamer, a justice of the peace of Arkansas City, in Cowley county, to recover damages on account of the killing of stock by the railway company, claiming $100, the value of the animals, and $100 as attorney's fees. Summons was issued and served upon the agent of the railway company. On the 4th of August, 1888, the day set

for trial, the railway company did not appear. Judgment was rendered against the company for $200—$100 being allowed as attorney's fees. On August 9, 1888, the railway company presented a bond to the justice of the peace, and the same was approved by him on that day. On August 8, 1889, the justice of the peace filed with the clerk of the district court a transcript of certain proceedings before him, together with the papers in the case, including the bill of particulars, the summons and return thereof, and the appeal bond. This transcript did not recite or set out the appeal bond, nor by whom the appeal was taken, nor the date. On December 20, 1889, the railway company moved to dismiss the action because:

"1. The court had no jurisdiction of the cause.

"2. The justice did not send up the transcript in 20 days after the supposed appeal."

"4. The party who sent up the appeal (Fouts, the successor of Kreamer) had no authority to send up a transcript."

This motion was overruled. On December 26, 1889, Elizabeth and Alfred Hurst filed in the district court a motion to dismiss the appeal of the defendant upon the grounds:

"1. The appeal was not taken as required by law.

"2. No appeal bond was ever filed, as required by law.

"3. The transcript of the judgment in justice's court was not filed in this court, as required by law."

On January 4, 1890, the railway company filed a motion suggesting a diminution of the record, and to compel the justice of the peace to show upon his docket and in the transcript when the appeal was taken, by whom, and the bond. On January 27, 1890, a transcript was filed in the district court from the docket of Kreamer, justice of the peace, showing what was contained on Kreamer's docket, and also that on January 10, 1890, the railway company filed a motion to have the docket show the filing and approval of the appeal bond and when and by whom the appeal was taken. On the hearing of this motion on the 25th of January, 1889, the parties appeared by their attorneys. J. H. Eckert, the justice of

the peace, who was one the successors after Kreamer, sustained the motion. On April 19, 1890, D. Baxter, successor in office of J. H. Eckert, filed in the district court a transcript of the proceedings, findings and rulings before the other justices of the peace. On April 28, 1890, the case came on for hearing, on the motion of Elizabeth and Alfred Hurst to dismiss the railway company's appeal. The motion was sustained, the appeal dismissed, the railway company excepting. The company brings the case here.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*C. T. Atkinson,* and *McDermott & Johnson,* for defendants in error.

The opinion of the court was delivered by ·

HORTON, C. J.: In this case a judgment was rendered before the justice of the peace on the 4th of August, 1888. According to the case-made, "the railway company, on the 9th day of August, 1888, duly filed with said justice of the peace, in his office in Arkansas City, Cowley county, its appeal bond, which was duly approved by said justice of the peace by indorsement thereon in writing." Thereupon, the railway company, the party appealing, within 10 days from the rendition of the judgment, entered into an undertaking to the adverse party. (Justices' Act, § 121.) Section 122 of the justices' act provides: "The appeal shall be complete upon the filing and approving of the undertaking, as provided in section 121." The omission of the justice of the peace to enter such fact upon his docket could not prejudice the rights of the appellant. Therefore, the filing and approval of the appeal bond or undertaking perfected the appeal. Whether the justice filed the transcript with the clerk of the district court within the 20 days prescribed by the statute is immaterial. After the bond was filed and approved, the appeal was perfected, and there was a cause pending. (*Railroad Co. v. Wilder,* 17 Kas. 243; *Bond v. White,* 24 id. 45.)

It is suggested that the record does not show that any ap-

peal bond was ever filed in the district court.　The case-made recites that

"On the 8th day of August, 1889, the said justice of the peace duly filed a transcript of the proceedings had by and before him in said action, together with the papers in said case, the bill of particulars, summons and return thereof, and the appeal bond hereinbefore mentioned, in the district court of Cowley county."

It is true, that one or more of the transcripts were defective, but the papers of the case before the justice were filed with the district court, including the appeal bond.　Subsequently, proceedings were had to correct the transcripts, and there was sufficient at the time of the hearing of the motion to dismiss the appeal before the trial court to show that the filing and approval of the appeal bond was within time. Successors in office of W. D. Kreamer, the justice of the peace who approved and filed the appeal bond, had the power, under the direction of the district court, to supply from the official records any omissions in any transcript, and for that purpose had full authority to make and file in the district court a new and complete transcript.　If the justice of the peace before whom the cause was tried delayed in transmitting his certified transcript to the clerk of the district court of his county, the plaintiff below, as well as the railway company, might have applied to the district court and hastened the filing of a correct transcript; but the mere delay of the justice or his successor to make and send up a certified transcript ought not, of itself, to defeat the appeal, after it had been fully completed by the company.

If the appeal bond was insufficient in form or amount, and the attention of the district court had been called thereto, it had the power to order a change or renewal thereof (§ 131 of Justices' Act), but no motion was made for that purpose. Where an appeal bond, filed and approved by a justice of the peace, is insufficient in form or amount, the party appealing should be given an opportunity by the district court where the appeal is pending to change or renew the bond before the

Newberry v. A. K. & C. Rly. Co.

case is dismissed for a defect therein. At one stage of the proceedings, the railway company moved to dismiss the action, not the appeal. This motion was properly overruled. The presentation of that motion, however, did not estop the company from excepting to the ruling of the court upon the motion of plaintiffs below to dismiss the appeal.

The trial court committed error in dismissing the appeal. Its order and judgment| will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.