C. HOFFMAN AND C. B. HOFFMAN, *Partners*, v.
PETER FORSLUND.

No. 248.

1. APPELLATE PRACTICE—*case-made may be withdrawn for authentication.* A case-made may be withdrawn from the files for authentication, more than one year after the rendition of the judgment appealed from. *McLaughlin v. Darlington*, ante, p. 212, 50 Pac. Rep. 505.

2. JUDGMENT — *transcript showing proof submitted, not impeached for want of names of witnesses.* A judgment entered by a justice of the peace which states: "The plaintiff submitted his proofs and demanded judgment. . . . I do find that the defendants are indebted to the plaintiff in the sum of three hundred dollars as debt," is not impeached by a failure of the justice of the peace to enter upon his docket the names of witnesses sworn, and at whose request.

3. SUMMONS—*before justice of the peace must show nature of claim.* The bill of particulars set out a cause of action for damage for the wrongful taking and conversion of personal property, but the summons stated, "to answer to the action of Peter Forslund upon an account;" *held*, that the summons does not describe the cause of action in such general terms as to apprise the defendants of the nature of the claim sued on.

Error from Dickinson District Court. Hon. O. L. Moore, Judge. Opinion filed December 23, 1897. *Reversed.*

Forslund filed his bill of particulars before a justice of the peace in Dickinson County, and alleged that he had a mortgage lien upon certain wheat, and that plaintiffs in error wrongfully took possession of seven hundred and fifty bushels thereof and converted it to their own use, to the damage of Forslund in the sum of three hundred dollars.

The justice of the peace issued a summons notifying the defendant to appear on the twenty-first day of March, 1895, to answer the action of Peter Forslund

" upon an account for the sum of three hundred dollars." The defendants failed to appear, and judgment was rendered against them for three hundred dollars and costs. The plaintiffs in error filed their appeal bond on the third day of April, 1895; the appeal bond having been filed, more than ten days after the rendition of the judgment, the appeal was dismissed by the District Court.

Thereafter, on the thirty-first day of November, 1895, the plaintiffs in error filed their petition in error and transcript of the record in the District Court of Dickinson County for the purpose of reversing the judgment of the justice of the peace, and alleged as error, *first*, that the summons was not sufficient to notify them of the nature of the action; *second*, that the justice of the peace had no jurisdiction to render judgment; and *third*, that no witnesses were sworn and no evidence introduced before the justice of the peace, and that the justice, in the absence of the plaintiffs in error, without any evidence, rendered judgment in the action for an alleged tort. On the hearing in the District Court, plaintiffs in error offered evidence for the purpose of showing that there was in fact no evidence introduced before such justice, and that judgment was rendered by the justice upon default. This evidence was excluded by the District Court. The plaintiffs in error then requested time to apply for a writ to require the justice to correct the entry on his docket so as to show the truth regarding the rendition of judgment without evidence, which application was denied. Thereupon the court rendered judgment affirming the judgment of the justice. The plaintiffs in error objected and excepted. The plaintiffs in error filed a motion for a new trial, and present the case to this court for review.

23—6 KAN. APP.

*Stambaugh & Hurd*, for plaintiffs in error.

*C. S. Crawford*, for defendant in error.

McELROY, J. I. The first question presented for our consideration is a motion to dismiss the petition in error, for the reasons, *first*, that the certificate of the trial judge to the case-made is not attested by the signature of the clerk and the seal of the district court, and *second*, that the case-made has not been filed with the clerk of the district court. The case-made presented was properly signed by the judge who tried the case, but it was not attested by the clerk and seal of the court, nor had the case-made been filed in the trial court. After the motion was argued and submitted to the court, the record was, on

1. Case-made withdrawn and authenticated.

application, withdrawn, and filed and attested by the clerk, more than one year after the judgment was rendered.

The principal authentication of the record is the attestation of the clerk, evidenced by the seal of the court, with the fact that the record has been filed with the papers in the case. Within the authority of *McLaughlin v. Darlington* (ante, p. 212, 50 Pac. Rep. 505), the motion to dismiss will be overruled.

II. Complaint is made that the District Court erred in ruling out the evidence offered to show that no evidence was introduced before the justice of the peace, and that judgment was rendered by the justice of the peace upon default, without evidence. From the record it appears that the plaintiff submitted evidence sufficient to satisfy the court, upon which the court could, and did, base its findings and judgment. The

2. Transcript shows proof adduced.

transcript of the justice reads: "March 21, 1895, at eleven o'clock A. M., this cause comes on for hearing, and the plaintiff being

present in person and by his attorney C. S. Crawford, and the defendant not appearing at the hour set for trial, nor one hour thereafter, the plaintiff submitted his proofs and demanded judgment against the defendants as prayed for. . . . I find that the defendants are indebted to the plaintiff in the sum of three hundred dollars as debt."

III.  Complaint is also made that the court erred in refusing the request of the plaintiffs in error for time to apply for a writ to require the justice to correct the entries on his docket to show the truth regarding the judgment having been entered by the justice as upon default, without evidence.  The petition was filed in the District Court on the twenty-first day of November, 1895.  The case was not called for trial until March 4, 1896.  It does not appear that the trial court abused its discretion in refusing time for plaintiffs in error to make an application for a writ to require the justice to correct his docket entries.  Plaintiffs in error had ample time to make this application, if they were not satisfied with the record, long prior to the time the case was called for trial.

*Discretion not abused.*

IV.  It is urged that the trial court erred in rendering judgment against the plaintiffs in error, and in affirming the judgment of the justice of the peace.  Does the transcript attached to the petition in error show a variance between the bill of particulars and summons? Section 11, Justices' Code (¶ 4857, Gen. Stat. 1889), requires, among other things, that the summons "must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him."

*3. Summons must conform to bill of particulars.*

The cause of action set forth in the bill of particulars was one for damages for the wrongful

356 HOFFMAN v. FORSLUND.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

and unlawful taking and conversion of personal property. The summons served on the plaintiffs in error stated, "to answer to the action of Peter Forslund upon an account in the sum of three hundred dollars." Did this summons describe the plaintiff's cause of action in such general terms as to apprise the defendants of the nature of the claim against them? This is the serious question in this case. The summons must describe the plaintiff's cause of action in such general terms as to apprise the defendants of the nature of the claim against them. *Brandenberg v. Easley*, 78 Mo. 659; *City of Kansas v. Johnson*, 78 id. 661; Murfree's Justices' Practice, § 290; *Jeffrey v. Underwood*, 1 Ark. 108.

A "claim" is a demand of some matter as of right, made by one person upon another, to do or to forbear to do some act or thing as a matter of duty; every account upon which any sum of money or other thing is claimed to be due to the person presenting it, is a claim or demand; but every claim or demand is not an "account."

The case of *Haas v. Lees* (18 Kan. 449), cited by defendant in error upon the question of waiver of the irregularity in the summons, is not applicable. That case was actually appealed to the district court, and the Supreme Court held that the appeal was effectual. In the case at bar there was no appeal. The District Court held the appeal bond void and the appeal was void. In the case at bar no bond was approved within the time allowed for appeal, and no appeal was taken. We do not think the filing of a void appeal bond was a waiver of the jurisdictional question.

It seems that there is a variance. The bill of particulars set out a cause of action for damages for the wrongful taking and conversion of personal property.

The summons stated " to answer to the action of Peter Forslund upon an account." This summons did not describe the cause of action sued upon in such general terms as to apprise the defendants of the nature of the claim against them.

The judgment of the District Court will be reversed, and the case remanded with directions that the court reverse the judgment of the justice of the peace and set the case for trial.

Wells, J., concurring.

Mahan, P. J., having been of counsel, not sitting.