## WETTERMARK v. ROARK.

No. 744, Ind. T.    Opinion Filed April 13, 1908.

(95 Pac. 228.)

**APPEAL—To U. S. District Court—Filing Transcript—Dismissal— Discretion.** In an appeal from an inferior court to the district court it is the duty of the appellant to see that the transcript is filed as required, and, if he fails to do so, the district court may, in its discretion, dismiss or affirm for failure to prosecute the appeal.

(Syllabus by the Court.)

*Appeal from the United States Court for the Southern District of Indian Territory sitting at Pauls Valley; before J. T. Dickerson, Judge.*

Action in replevin by J. W. Roark against L. W. Wettermark. Judgment for plaintiff, and defendant appeals. Affirmed.

*Robert T. Jones,* for appellant.
*Claude Weaver,* for appellee.

KANE, J. This was an action in replevin commenced by the appellee, plaintiff below, in the mayor's court at Pauls Valley for the purpose of recovering from the appellant, defendant below, certain personal property. The record shows that judgment in the replevin suit was rendered in favor of the plaintiff on the 2d day of October, 1902, and that the defendant sought to appeal from this judgment to the United States court at Pauls Valley, and in pursuance thereof, on the 5th day of November, 1902, filed in said circuit court certain papers, purporting to be the proceedings had in said cause in the mayor's court. On the 8th day of February, 1906, the plaintiff filed in said circuit court a motion to dismiss the defendant's appeal, assigning in this motion various grounds therefor, the substance of which may be concisely stated as follows: First. The defendant below failed

to prosecute his appeal within the time and manner provided by the statutes. Second. There being no certified transcript from the trial court, and no certificate of any sort, to identify the papers filed or connect said papers with the court appealed from, the United States court at Pauls Valley was without jurisdiction, and therefore compelled to dismiss the cause for lack of jurisdiction. The defendant admitted the lack of the certificate or authentication by the mayor of the transcript, and on the 15th day of February, 1906, filed a motion praying the court below to issue a rule requiring the mayor to bring before the court a complete transcript of the record, which motion was overruled. The court then sustained the motion to dismiss the appeal, and the case is now here on error from the order of the court refusing to require the mayor to supply a perfect transcript, and the order sustaining the motion to dismiss the appeal.

The record before us shows that the judgment was rendered in the mayor's court on the 2d day of October, 1902, and the appeal bond and transcript were filed in the circuit court on the 5th day of November, 1902; a period of more than 30 days elapsing between the rendition of the judgment and the filing of the appeal in the circuit court. The 5th day of November was the fourth day of the first term of the circuit court after the rendition of the judgment. Section 2819, Ann. St. Ind. T. 1899, provides that "on or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit." Construing the above section, which is the same as section 4139 of Mansfield's Digest of Statutes in force in the Indian Territory prior to statehood, the Supreme Court of Arkansas holds that, "in an appeal from an inferior court to the circuit court, it is the duty of the appellant to see that the transcript is filed as required, and, if he fails to do so, the circuit court may, in its discretion, dismiss or affirm for fail-

ure to prosecute the appeal." *Smith v. Allen,* 31 Ark. 268; *Mc-Gehee v. Carroll,* 31 Ark. 550; *Hughes v. Wheat,* 32 Ark. 292. It seems from the above cases, construing the law in force in the Indian Territory at the time this case was tried, that it was within the discretion of the trial court to dismiss the appeal or affirm the judgment when the transcript of all the entries made in his docket relating to the cause are not filed in the office of the clerk of the circuit court within the time prescribed by law. We are not prepared to say that dismissing the appeal in this case was an abuse of discretion on the part of the court below.

Counsel for appellant is in error in his contention that he was entitled as a matter of right to a rule on the mayor requiring him to authenticate the transcript. *Baker v. Calvert & Thompson,* 16 Ark. 487, was a case where an order was issued to the justice trying the cause to certify a perfect record of the proceedings of his court to the circuit court. The justice failed to respond to the rule, and, after repeated efforts on the part of the appellant to have the appeal perfected, all of which failed, and without having taken any steps to compel the justice to respond to the rule, the circuit court assumed jurisdiction of the case, and rendered judgment against the appellant. This was held to be error. Walker, J., speaking for the court, says:

"That court could render no judgment until after it had acquired jurisdiction of it as an appeal case; and the jurisdiction of the court was only retained upon the suggestion of a diminution of record for the purpose of compelling the justice to send up the judgment and appeal, if in fact, as suggested, such was the fact. The circuit court, therefore, should in its discretion either have compelled the justice to respond to the rule, or have dismissed the proceedings for want of jurisdiction."

It would seem from the above case that the court below might in its discretion have granted the rule or dismissed the appeal. We cannot say that adopting the latter course was an abuse of discretion. Besides, we are strongly of the opinion that, in the absence of a certificate or authentication of any kind to the tran-

script, the circuit court was entirely without jurisdiction to entertain the appeal. The record shows, at the end of what purports to be the transcript, the following notations only:

"The defendant in open court gave notice of appeal. H. A. Campbell, Mayor."

"And thereafter in due time made affidavit for appeal and gave bond as required by law. H. A. Campbell, Mayor."

Indorsed:

"No. 1,639. Filed in open court, Nov. 5, 1902. C. M. Campbell, clerk by S. W. Wootton, Deputy."

"In the United States Court for the Southern District of the Indian Territory, at Pauls Valley. No. 1,639. J. W. Roark, Plaintiff, v. L. W. Wettermark, Defendant."

The case of *Moffet-West Drug Company v. Byrd*, 1 Ind. T. 131, 38 S. W. 667, seems to be exactly in point, and decisive of the case at bar. Lewis, J., speaking for the court in the *Byrd Case, supra,* says:

"Various entries and orders purporting to have been made in the commissioner's court appear in the record brought to this court upon appeal, but nowhere in such record is there a transcript of the proceedings had before the commissioner certified by him. In the absence of such a transcript so certified by the commissioner, the jurisdiction of the United States court for the Northern district of the Indian Territory to try this cause, and to render judgment upon appeal, is not shown, and consequently the jurisdiction of this court cannot be invoked. *Wise v. Yell,* 7 Ark. 11; *Watts v. Hill,* 7 Ark. 203. The appeal is dismissed."

Finding no substantial error in the proceedings of the court below, the judgment is affirmed.

All the Justices concur.