QUEEN INS. CO. OF AMERICA v. COTNEY *et al.*

No. 215. Opinion Filed November 9, 1909.

(105 Pac. 651.)

1.  APPEAL AND ERROR—Probate to District Courts—Time—Transcript—Correction. Under section 1881, Wilson's Rev. & Ann. S. 1903, an appeal, when questions of fact may be retried, from the final judgment of a probate court, as such court existed under the laws of Oklahoma Territory, could be prosecuted to the district court of the county in the manner and form of appeals from the justice of the peace.

    (a) Such an appeal could be taken by the defendant within 10 days from the rendition of the judgment, by entering into a sufficient undertaking in favor of the adverse party.

(b)   It was not necessary that the transcript in such appeal, properly certified, should be filed with the district court within the prescribed 10 days.

(c)   Where such appeal is taken in due time by entering into such undertaking, and the certificate of the probate judge or clerk of such court as to the transcript is defective, the party appealing, upon making timely application to the district court to have the same corrected, should be permitted to do so.

2.   **APPEAL AND ERROR—Theory of Cause—Change on Appeal.**
A party will not be permitted to have an appeal dismissed on one ground. and on review in this court take a new. hold, and sustain on another ground such order of dismissal, unless it goes to an entire want of jurisdiction of the lower court.

(a)   Especially is such the case when the alleged additional ground was susceptible of being cured in the lower court by amendment.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Trial Judge.*

Action by J. D. Cotney and others against the Queen Insurance Company of America. From an order dismissing an appeal from the probate court on appeal from a judgment for plaintiffs, defendant brings error. Reversed, with instructions.

*Fulton, Stringer & Grant,* for plaintiff in error.—Citing: *Railway Co. v. Hurst* (Kan.) 35 Pac. 211; *Haas v. Lees,* 18 Kan. 449; *Struber v. Rohlefs* (Kan.) 12 Pac. 830; *Patrie v. Colter,* 10 Okla. 257; *Swoop v. Smith,* 1 Okla. 283.

*J. L. Hamon* and *Chas. Mitschrich,* for defendants in error.

WILLIAMS, J.   Under the law as it existed at the time of the organization of the state government, an appeal from the final judgment of a probate court, when questions of fact were to be retried, could be prosecuted to the district court of the county in the manner and form as appeals from the judgment of the justice of the peace. Section 1881 (chapter 22, art. 15, § 405) Wilson's Rev. & Ann. St. 1903. Such an appeal is taken by the defendant, within 10 days from the rendition of the judgment, entering into an undertaking in favor of the adverse party, with at

least one good and sufficient surety, to be approved by the probate judge, in a sum not less than double the amount of the judgment and costs, conditioned as required by the statute. Section 5045 (chapter 67, art. 10, § 118) Wilson's Rev. & Ann. St. 1903. The appeal is taken upon the filing and approval of the undertaking as provided in the foregoing section, and it is not required that the transcript shall be filed with the district court within the 10 days. And when the same is taken in due time by entering into a bond, and the certificate of the probate judge or clerk as to the transcript filed in the district court is defective, the party appealing, upon making timely application for its correction, should be permitted to have the same made. Section 5046 (chapter 67, art. 10, § 119) Wilson's Rev. & Ann. St. 1903; *St. L. & S. F. R. R. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211; *St. L., L. & D. R. R. Co. v. Wilder,* 17 Kan. (2d Ed.) 239; *Bond v. White,* 24 Kan. 45; *Haas v. Lees,* 18 Kan. 449; *Struber v. Rohlfs,* 36 Kan. 202, 12 Pac. 830; *St. L., K. & S. W. Ry. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676.

It is further insisted by the defendant in error that the appeal bond was defective in that it does not show to what court it was intended the appeal should be taken, and that the bond should have been in the penal sum of $1,113, instead of $1,100, and that the appeal was not prosecuted with diligence. The motion to dismiss was on the ground that "no proper transcript of the proceedings in said cause in the probate court of Comanche county, Oklahoma, wherein said cause was first tried, and from which court the same was appealed to this court, has been filed in this court, and that, by reason of the failure to file such transcript within the time allowed by law, this court has never acquired jurisdiction of said cause." The journal entry recited:

" * * * The plaintiffs, by their attorneys, presented their motion to dismiss the appeal in this case; and, the same having been read by the court, and it appearing to the court that the certification of the transcript herein filed is not in form as required by law, the court, being fully advised, is of the opinion that said motion is well taken. It is therefore in all things sustained."

The defendants in error will not be permitted to have the appeal dismissed by the lower court on one ground, and in this court to take a new hold and sustain the order of dismissal on another ground, unless it goes to show an entire want of jurisdiction of the district court. *Harris v. First National Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781; *Ohio & Miss. R. R. Co. v. McCarthy,* 96 U. S. 258, 24 L. Ed. 693. And it is especially in this case, when the alleged additional defect was susceptible of being cured in the lower court by amendment. See section 5052 (chapter 67, art. 10, § 125) Wilson's Rev. & Ann. St. 1903; *St. L. & S. F. R. R. Co. v. Hurst, supra;* and *C. K. & W. R. Co. v. Abilene Town-Site Co.,* 42 Kan. 97, 21 Pac. 1112.

The judgment of the lower court is reversed, with instructions to set aside the order dismissing the appeal and to reinstate the case on the docket.

All the Justices concur.