CHICAGO, R. I. & P. RY. CO. v. MOORE.

SAME v. VAULTO.

SAME v. TINER.

Nos. 1899, 1900, and 1901 (Consolidated).   Opinion Filed June 25, 1912.

(124 Pac. 989.)

1.    **JUSTICES OF THE PEACE** — Proceedings on Appeal — Bonds
      —Amendment.   In proceedings on appeal from a judgment of a
      justice of the peace, when the undertaking is insufficient in form
      or amount, it is proper for the court on motion to order a change
      or renewal of such undertaking according to the provisions of
      section 6394, Comp. Laws 1909.

2.    **SAME.**   An undertaking on appeal from a justice of the peace,
      which is defective because not in a sum double the amount of the
      judgment and costs, and where the name of the surety is omitted
      from the body of the bond, though signed, and where the surety
      does not qualify, but which is otherwise sufficient, is an insuffi-
      ciency both in form and amount, and may, on proper and timely
      motion being filed, be corrected by a change or renewal of such
      undertaking as the court may direct.

3.    **SAME—Transfer of Cause.**   An appeal from a judgment of a jus-
      tice of the peace is perfected upon the filing and approval of the
      appeal bond or undertaking within ten days from the rendition
      of judgment, and when such bond, accompanied by a transcript
      of the justice of the peace, and all the papers in the case, is re-
      ceived by the county court, said court is thereupon vested with
      jurisdiction of the action.

4.    **SAME—Record—Correction.**   A transcript so made out by the jus-
      tice of the peace, accompanied by the undertaking on appeal and
      all the papers in the case, is not void because not certified to by
      the justice, and, on timely motion being made in the county
      court by either party, the justice of the peace making up said
      transcript should be allowed to add thereto his certificate, to all
      intents and purposes as if said transcript had been properly certi-
      fied to in the first instance.

5.    **SAME—Dismissal.**   Upon timely motion being made for leave to
      correct or change the undertaking on appeal, on account of the
      insufficiencies above named, and to add certificate to a transcript,
      otherwise regular, it is reversible error for the county court on
      appeal to deny such application and to dismiss the appeal.

(Syllabus by Sharp, C.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Actions by C. Q. Moore, D. Vaulto, and N. T. Tiner, respectively, against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs, and on appeal to the county court the several appeals were dismissed, and defendant brings error. Reversed and remanded, with instructions.      •

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *J. G. Ralls,* for plaintiff in error.

*G. T. Ralls,* for defendants in error.

Opinion by SHARP, C.   Stipulations being signed by counsel for both plaintiff in error and defendants in error, setting out that the questions of law in the several cases were the same, said appeals were in this court, on the 17th day of August, 1910, ordered consolidated.

The county court of Coal county dismissed the three separate appeals prosecuted by plaintiff in error from three separate judgments obtained against it in the court of R. B. Davidson, a justice of the peace in and for Coalgate township, Coal county, and the court's action in dismissing said appeals is assigned as error.   The grounds urged for the dismissal of the appeals in the different cases are similar and are as follows:   That the appeal bonds given were not in a sum double the amount of the judgment and costs; that the name of the surety did not appear in the bonds; that the surety did not qualify; that there was no certificate attached to the transcripts signed by the justice of the peace.   The appeal in the Moore case was filed in the county court May 20, 1909, as was that in the Tiner case, while in the Vaulto case the appeal was filed May 22, 1909.   The motions to dismiss the appeals were filed August 2, 1909, and were each sustained August 4th thereafter.   Prior to the making of said order, and on the same day, plaintiff in error in each of said cases, on written motion, joined in by J. H. Carson, surety on the said bonds, asked leave to have said appeal bonds increased in a sum double the amount of the judgments recovered in the justice of

the peace court and for all costs, and at the same time filed an application asking that the justice of the peace be permitted and required to attach his certificate to the transcripts theretofore made out by him, and filed with the county court; said motions reciting that said justice of the peace had in his own handwriting made and copied all the proceedings, including the judgments, bills of costs for transcripts, and placed his official seal thereon, and affixed his signature thereto, and was present and ready to make and attach to said transcripts proper certificates as required by law, and to which motions were attached forms of certificate, each made in compliance with the statute. The written requests were each overruled and judgment rendered; the court sustaining each of the grounds for dismissal as set out in the motions to dismiss.

The proceedings for appeal contain the irregularities mentioned in the motion, except that in the Vaulto case the name of the surety does appear in the body of the appeal bond. The bonds were each signed by J. H. Carson, surety. The judgment in the Moore case was for $150 and costs; the bond was for $250. The judgment in the Vaulto case was for $30 and costs; the bond was in the sum of $60. The judgment in the Tiner case was for the sum of $145 and costs; the bond was for $290. There was no qualification by the surety to either of the bonds. In the Moore and Tiner cases the bonds were filed in the office of the justice of the peace and by him approved in writing on May 19, 1909. In the Vaulto case the bond was filed and likewise approved in writing on May 21, 1909. Neither of the transcripts contains a certificate of the justice of the peace. However, they do purport to be transcripts of the docket in the above-styled cases, and appear to contain the averments and recitals such as are usually in transcripts on appeal from judgments of justices of the peace, and attached to each transcript were all the papers in each particular case. In the Moore and Tiner cases the transcripts are signed by the justice of the peace, although the Vaulto transcript does not appear to be signed. The only attack made on the sufficiency of the transcript is that it contains no certificate.

No complaint is made of the bonds except in the particulars heretofore named.

· The law requires that the party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum not less than $50 in any case, nor less than double the amount of the judgment and costs, conditioned as prescribed in section 6387, Comp. Laws 1909. Section 6388, Comp. Laws 1909, provides that the appeal shall be complete upon the filing and approval of the undertaking as provided by section 6387, *supra*.

The appeal bonds were filed within the time allowed. Section 6394, Comp. Laws 1909, provides:

"In proceedings on appeal, when the surety in the under-·taking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

Clearly this statute was intended to meet exactly such conditions as the first three presented. These bonds were insufficient in amount; that is the first objection made. The omission of the name of the surety from the body of two of the bonds was a matter of form only; each of the bonds was signed by J. H. Carson as surety, and was approved by the justice of the peace, the surety not being required by the justice to qualify. The filing and approval of the appeal bonds perfected the several appeals. *Queen Insurance Co. v. Cotney,* 25 Okla. 125, 105 Pac. 651; *St. L., L. & D. R. Co. v. Wilder,* 17 Kan. 239; *St. Louis & S. F. Ry. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211; *Bond v. White,* 24 Kan. 46; *St. Louis, K. & S. W. Ry. Co. v. Morse,* 50 Kan. 99, 31 Pac. 676. And when these bonds were filed, accompanied by transcripts and all the papers in the causes, the county court thereupon was vested with jurisdiction, and therefore the order sustaining the motions to dismiss, in view of the efforts of the plaintiff in error to increase the amount of the bonds, and to meet the objections urged against the several appeals, was an abuse of discretion on the part of the trial court.

In *Chicago, K. & W. R. Co. v. Abilene Townsite Co.,* 42 Kan. 97, 21 Pac. 1112, it was said, referring to section 131 of the Justices' Code (being the same as section 6394, Comp. Laws 1909), that:

"Under this section it does not make any difference how defective in form or amount or how insufficient the surety of the appeal bond may be, it can be changed or renewed, either by the justice or by the district court, if complaint is made. This seems to be absolutely conclusive on the question of jurisdiction. If the bond is insufficient in form or amount, the party against whom the appeal is taken has the right to have it corrected in these particulars, or the appellant may strengthen his appeal bond, to guard against such a motion by the opposite party. In either or any event contemplated by section 131, the district court retains the case, and has the power to hear and determine it, or to dismiss it for noncompliance with an order to file a better bond in form and amount. We see no other solution of this question, in view of these statutory enactments."

In *McClelland Bros. v. Allison,* 34 Kan. 155, 8 Pac. 239, in an opinion by Horton, C. J., it was said:

"It is claimed that the bond given is a mere nullity, and therefore furnishes no basis sufficient to authorize an amendment. The surety upon the bond ought not to have been accepted, because he is a member of the firm of McClelland Bros., and also because he is a practicing attorney residing in Neosho county. Therefore the appeal bond is not such a one in all respects as is required by the statute. Even, however, if the bond be defective, it having been accepted, filed and approved by the proper officer, we think it furnishes sufficient basis to order a change or renewal thereof. The provisions of section 131 [Code Civ. Proc.] should be liberally construed with a view to promote its object and assist parties in obtaining justice. Again, as a rule, appeals are to be favored, and mere technical defects or omissions are to be disregarded. In this case, G. W. McClelland signed the undertaking as surety, and was accepted by the justice as surety; it is true the surety is insufficient, but as the undertaking is otherwise sufficient in form and amount, and is only defective on account of the surety thereto, the district court had the power to permit an amended appeal bond to be filed. It is difficult to conceive any just cause of which the defendants in error have to complain, if the district court shall accept a sufficient bond. All of the parties have proceeded as though an appeal had been taken from the judgment of the justice of the

peace, and, pending the motion to dismiss the appeal, plaintiffs in error offered and asked permission to file a sufficient bond. Upon the first occasion that the appeal bond was challenged, the parties thereto offered to rectify it. In furtherance of justice, this ought to have been permitted. An appeal will give all the parties a full and fair trial upon the merits."

In *Spaulding Manufacturing Co. v. Roff et al., post,* 125 Pac. 727, it is said in the syllabus:

"Where an appeal from a justice of the peace court is pending in the county court, and the bond for appeal is in the proper form, runs in the name of the proper parties, correctly describes the court, and the judgment appealed from, is filed in time and approved by the justice, and is conditioned as required by statute, except as to the provision 'to prosecute without delay,' the court should, timely notice being made therefor, allow the mere insufficiency in form to be corrected by the filing of a correct or new bond, in compliance with section 6394, Comp. Laws 1909."

We fully concur in both the reasoning and conclusion announced.

Did the failure of the justice of the peace to attach to the transcripts a certificate render the appeals ineffective? We think not, as this omission was an irregularity only, hence did not deprive the party appealing of the right to have the transcripts properly certified, upon timely motion therefor. The giving of the appeal bonds must necessarily be done by the appellant, while the making of the transcripts is a duty, under the statute, of the justice of the peace. In *Struber v. Rohlfs,* 36 Kan. 202, 12 Pac. 830, it was held that a justice of the peace cannot deprive a party of his right to appeal by an omission to act, either through negligence or design, and that the omission of a justice to enter his written approval upon an undertaking at the date he accepts the same, or his failure to file the undertaking at the date of its approval, will not deprive the party of his appeal.

No attack is made upon the truth of the recitals and averments contained in the unverified transcripts. Their correctness and authenticity stand admitted, and it would be a harsh rule indeed to charge the default of the justice of the peace, whose duty it is to make out and sign the certificates, to a losing party

desirous of perfecting an appeal. In *St. Louis & S. F. R. Co. v. Hurst et al., supra,* it was said:

"Whether the justice filed the transcript with the clerk of the district court within the twenty days prescribed by the statute. is immaterial. * * * It is true that one or more of the transcripts were defective, but the papers of the case before the justice were filed with the district court, including the appeal bond. Subsequently proceedings were had to correct the transcripts, and there was sufficient at the time of the hearing of the motion to dismiss the appeal by the trial court to show that the filing and approval of the appeal bond was within time. * * * If the justice of the peace before whom the cause was tried delayed in transmitting his certificate to the clerk of the district court of his county, the plaintiff below, as well as the railway company, might have applied to the district court and hastened the filing of a correct transcript; but the mere delay of the justice or his successor to make and send up a certified transcript ought not, of itself, to defeat the appeal, after it had been fully completed by the company."

The cases of *Wettermark v. Roark,* 20 Okla. 606, 95 Pac. 228, and *Everts v. Town of Bixby,* 24 Okla. 176, 103 Pac. 621, cited by counsel for defendants in error, were cases arising under the very different procedure that prevailed in the courts of the Indian Territory, and cannot be considered authority in cases arising under the present procedure in appeals from justices of the peace.

The motions of the plaintiff in error should have been sustained, and that of the defendants in error overruled. As was said in *Spaulding Manufacturing Co. v. Roff et al., supra:*

"It is true the court has a discretion to be exercised in this as in many other matters, having due regard for the rights of the parties and in furtherance of justice; but the discretion to be exercised is a sound judicial one."

The question of judicial discretion is perhaps nowhere better expressed than by Chief Justice Marshall in *Osborn v. United States Bank,* 9 Wheat. 740, 6 L. Ed. 204:

"Courts are mere instruments of the law and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion—a discretion to be exercised in discerning the course prescribed by law—and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised

for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the Legislature; or in other words, to the will of the law."

While the court below erred, there is nothing to show that his action was not the result of an honest conviction. To err is but human, and all courts are human and liable to err, and until such time as our practice and procedure acts shall have been settled by local precedents, it is to be expected that errors in construing our statutes will occasionally occur.

The judgment of the trial court should be reversed; the orders of dismissal in the different cases set aside; and the plaintiff in error afforded an opportunity to correct the several appeal bonds, and to have the transcripts properly certified, the cases thereafter to be proceeded with according to law.

By the Court: It is so ordered.