## CHICAGO, R. I. & P. RY. CO. v. ELSING.

No. 5610.   Opinion Filed November 9, 1915.

(152 Pac. 1091.)

1.  JUSTICES OF THE PEACE—Perfecting of Appeal—Filing of Transcript. Where, in an action commenced before a justice of the peace, after trial had and judgment rendered, an appeal bond is duly filed and approved, the appeal is thereby perfected, and the action is still pending, although no transcript has been filed with the clerk of the appellate court.

2.  SAME. Section 5467, Rev Laws 1910, provides: "The appeal shall be complete upon the filing and approval of the undertaking or statement and affidavit. The justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the county, superior or district court of his county the said transcript, the undertaking on appeal, and all the papers in the cause; all further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice; no notice of appeal shall be required to be filed or served, and the case shall be tried de novo in the appellate court upon the original papers on which the cause was tried before the justice, unless the ap-

pellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." **Held,** that, under this section of the statute, it is the duty of the justice of the peace, after the appeal bond has been filed and approved, and not the duty of appellant, to make out and file with the clerk of the appellate court a transcript of the proceedings, the appeal bond, and all the papers in said cause, and, **held,** further, that the failure and neglect of the justice of the peace to make out and file such transcript and papers, within the time fixed by the statute, is not, of itself, sufficient grounds for a dismissal of the appeal.

(Syllabus by Robberts, C.)

*Error from Superior Court, Pittsburg County; W. C. Leidtke, Judge.*

Action brought before a justice of the peace by John Elsing against the Chicago, Rock Island & Pacific Railway Company. Defendant's appeal from a judgment for plaintiff was dismissed by the superior court, and defendant brings error. Reversed and remanded, with directions to reinstate appeal.

*C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, K. W. Shartel* and *Wright & Boyd,* for plaintiff in error.

*Wilkinson & Scott,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the superior court of Pittsburg county, commenced by the defendant in error, plaintiff below, hereinafter called the plaintiff, against the plaintiff in error, defendant below, hereinafter called the defendant, before a justice of the peace in said county, to recover damages in the sum of $200, alleged to have been sustained by a consignment of live stock shipped over the defendant's line from Oklahoma City to McAlester. Judgment was rendered on March 7, 1911, in favor of the plaintiff for $200 and costs. In due time defendant filed its appeal bond, which was approved by the justice, for appeal to the

superior court. It appears from the record that the transcript of said proceedings was not made by the justice until October 7, 1912, on which date the same was prepared and certified by him, and filed in the office of the clerk of the superior court. On October 8, 1912, the plaintiff filed in the superior court his motion to dismiss the appeal in said cause, said motion being as follows:

"Comes now the plaintiff, John Elsing, and moves the court to dismiss the appeal in the above-entitled cause, and for reasons shows: That the plaintiff obtained judgment against the defendant in said cause, in the justice court before Brooks Fort, justice of the peace of the McAlester township, Pittsburg county, State of Oklahoma, on the 7th day of March, 1911; and on the 10th day of March, 1911, the defendant filed its appeal bond in said cause with the justice of the peace, and that said defendant did nothing else toward perfecting said appeal until the 7th day of October, 1912, in which time the defendant caused the papers in said case to be filed in the office of the clerk of the superior court. That the said defendant failed to tender the transcript fee to said justice of the peace, and failed to and neglected to call for or look after said case in any way from the said March, 1911, until the said 7th day of October, 1912, and failed to use such diligence to see that said appeal was perfected as is required by the law."

The motion to dismiss came on to be heard on the 2d day of April, 1913, and upon the hearing, evidence was introduced, establishing the following facts: That said cause was tried before Brooks Fort, a justice of the peace in McAlester, Pittsburg county, Okla., on the 7th day of March, 1911; that within the time fixed by the statute, defendant filed its appeal bond in due and proper form, but the transcript of the record was not prepared by said justice, nor filed in the superior court until the 7th day of October, 1912. Upon this evidence

the court sustained the motion and entered judgment dismissing the appeal, to which findings and order of the court defendant excepted. The judgment dismissing said appeal is as follows:

"On the 2d day of April, 1913, same being one of the days of the regular January, 1913, term of this court, the motion to dismiss appeal came on for hearing, and the plaintiff appearing by his attorney, Wallace Wilkinson, and the defendant appearing by its attorney, E. A. Boyd, and the plaintiff having offered his evidence in support of said motion, and having introduced all the records in the case, and the judgment rendered by the justice of the peace, and the court, having heard the argument of counsel and having been fully advised in the premises, doth find that the said cause was tried before Brooks Fort, a justice of the peace in McAlester, Pittsburg county, State of Oklahoma, on the 7th day of March, 1911, and that on the 10th day of March, 1911, the defendant filed its appeal bond, and that the transcript of the record was not filed in the office of the clerk of the superior court until the 7th day of October, 1912; and, it appearing to the court that the appellant has failed to prosecute its appeal to effect without unnecessary delay, it is therefore ordered that the said appeal be, and the same hereby is, dismissed at the cost of the appellant, to which the defendant then and there excepted, and for good cause shown, the defendant is allowed ninety days from this 2d day of April, 1913, in which to prepare and serve case-made, and the plaintiff is allowed ten days thereafter to suggest amendments, and case-made to be signed and settled upon five days' notice by either party."

From this order and judgment defendant brings error. For reversal the defendant presents one specification, which is as follows: "The court erred in dismissing the appeal of defendant."

From the foregoing it is apparent that but one question is presented for the determination of this court, viz.: Did the delay of the justice in filing the transcipt in the superior court justify the dismissal of the appeal? Appeals from the court of a justice of the peace in this state are governed by the following sections (Rev. Laws 1910):

"5466.—The party appealing shall, with ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum of not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay; and, second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs; said undertaking need not be signed by the appellant; provided, that when any municipality desires to appeal, no bond shall be required, and it shall be sufficient to perfect any such appeal if the appellant shall, within ten days after the rendition of the judgment, cause to be filed with the justice of the peace a statement in writing that appellant does appeal from such judgment to the county (superior or) district court (of the county) and file an affidavit setting forth the appeal is not taken for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment.

"5467.—The appeal shall be complete upon the filing and approval of the undertaking or statement and affidavit. The justice shall immediately make out a certified transcript of his proceedings in the cause, and shall, within twenty days from the rendition of the judgment, deliver or transmit to the clerk of the county, superior or district court of his county the said transcript, the undertaking on appeal, and all the papers in the cause; all further proceedings before the justice of the peace in

the case shall cease and be stayed on the filing of the undertaking with said justice; no notice of appeal shall be required to be filed or served, and the case shall be tried *de novo* in the appellate court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made or new pleadings to be filed."

These two sections were taken from the Kansas Code. See sections 4973 and 4974, Kansas Code of 1889. For that reason we look to the Kansas decisions for their construction.

Counsel for defendant contend that the appeal was completed upon the filing of the appeal bond with the justice, and his approval of the same. We are of the opinion that this contention is fully sustained by the language of the statute, as well as the decisions of the court. The Kansas cases are uniform in holding that that clause of the statute which says:

"The appeal shall be complete upon the filing and approval of the undertaking, as provided in the preceding sections"

—is to be construed literally. In the case of *St. L., L. & D. R. Co. v. Wilder*, 17 Kan. 239, Justice Valentine, speaking for the court, says:

"When the appeal bond was filed, then the appeal was complete. Laws of 1870, p. 184, par. 7. It was not necessary that anything should be first filed in the district court."

The paragraph of the Laws of 1870 referred to by the court is identical with section 4974, Kansas Code of 1889, which in turn is identical with sections 5456 and 5457, Rev. Laws Okla. 1910.

In the case of *Bond v. White,* 24 Kan. 45, the second paragraph of the syllabus is as follows:

"Where, in an action commenced before a justice of the peace, after trial had and judgment rendered, an appeal bond is duly filed and approved, the appeal is thereby perfected, and the action is still pending, although no transcript has been filed with the clerk of the district court."

In *St. L. & S. F. R. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211, the first paragraph of the syllabus is as follows:

"An appeal from the judgment of a justice of the peace is completed upon the filing and approval of the appeal bond or undertaking within ten days of the rendition of judgment."

In *Anderson v. Haslett,* 81 Kan. 532, 106 Pac. 296, the second paragraph of the syllabus is as follows:

"Where the judgment appealed from is rendered in a justice court, the filing of a sufficient bond with the justice is all that is required to perfect the appeal."

The foregoing Kansas cases have been cited with approval, and followed in this court, in *Queen Insurance Company of America v. Cotney,* 25 Okla. 125, 105 Pac. 651, where Justice Williams, speaking for the court, says:

"The appeal is taken upon the filing and approval of the undertaking as provided in the foregoing section, and it is not required that the transcript shall be filed in the district court within ten days."

In the case of the *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989, *Queen Insurance Company of America v. Cotney, supra,* is quoted with approval.

From the foregoing authorities it must be apparent that the appeal was perfected upon the filing and approval of the appeal bond.

The next question presented is whether the failure of the justice to make and file the transcript with the appellate court would defeat the appeal. In the case of *Haas v. Lees,* 18 Kan. 449, Justice Horton, speaking for the court, says on page 454 of the report:

"The bond stands as if filed and approved when first received by the justice, and thereby the appeal was perfected within time. Before the court convened, or the hearing of the motion to dismiss, all the papers in the case were duly filed with the clerk, and hence the failure of the justice to transmit the papers to the district court at an earlier date furnished no good reason for any dismissal of the cause."

In the case of *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989, Sharp, C., speaking for the court, on page 204, says:

"Did the failure of the justice of the peace to attach to the transcript a certificate render the appeals ineffective? We think not, as this omission was an irregularity only; hence did not deprive the party appealing of the right to have the transcripts properly certified, upon timely motion therefor. The giving of the appeal bonds must necessarily be done by the appellant, while the making of the transcripts is a duty, under the statute, of the justice of the peace. In *Struber v. Rohlfs,* 36 Kan. 202, 12 Pac. 830, it was held that a justice of the peace cannot deprive a party of his right to appeal by an omission  *  *  * of a justice to enter his written approval upon an undertaking at the date he accepts the same, or his failure to file the undertaking at the date of its approval will not deprive the party of his appeal."

Justice Sharp takes the following quotation from *St. L. & S. F. Ry. Co. v. Hurst, supra,* as the basis for his foregoing statement:

"The omission of the justice of the peace to enter such fact upon his docket could not prejudice the rights of the appellant. Therefore, the filing and approval of the appeal bond or undertaking perfected the appeal. Whether the justice filed the transcript with the clerk of the district court within the twenty days prescribed by the statute is immaterial. After the bond was filed and approved, the appeal was perfected, and there was a cause pending."

In *St. L., L. & D. Ry. Co. v. Wilder*, 17 Kan. 239, on page 244 of the report, it is said:

"It is also claimed 'that the certified copy of the proceedings of the commissioners was not delivered or transmitted to the clerk of the district court within twenty days from the rendition of the report.' Now if this is true, it was the fault of the county clerk, and not the fault of the defendant in error. The appeal was perfected when the undertaking was given. Laws 1870, page 184, sec. 7. As it was then the duty of the county clerk, and not the duty of the defendant in error, to transmit a copy of the proceedings to the clerk of the district court (Laws 1870, page 184, sec. 7, and pages 155 and 156, secs. 1, 2), and such laches on the part of the county clerk is no ground for a dismissal of the appeal."

Counsel for plaintiff base their contention, in support of the judgment of the court in dismissing said appeal, upon that part of the statute which provides that "the appellant shall prosecute his appeal to effect without unnecessary delay." In support of their contentions they cite the case of *Boggs v. Mallory*, 26 Okla. 395, 109 Pac. 55. That case is distinguished from the instant case, in that the justice had sent the original papers, with a pretended, but apparently incomplete and imperfect transcript, to the district court, and no effort was made on

the part of the appellant to have the pretended transcript corrected. It would seem that after an imperfect transcript is filed in the appellate court, it becomes the duty of counsel, for appellant to cause such pretended transcript to be corrected. Under such circumstances the case was before the court, and it was plainly the duty of appellant to "prosecute his appeal to effect without unnecessary delay." In this case the appellant did all the law required of him when he filed his appeal bond. We are not unmindful of the language of the court as used in the syllabus in *Boggs v. Mallory, supra,* wherein they say:

"The order of the trial court, reciting that the plaintiff in error 'had failed to prosecute his appeal to effect and without unnecessary delay,' is presumed, on appeal here, to be correct; and, unless it affirmatively appears from the record that such conclusion by the trial court was erroneous, the judgment dismissing the appeal will be affirmed."

The rule there laid down is that the finding of the trial court that appellant had failed to prosecute his appeal to effect without unnecessary delay is presumed, on appeal, to be correct, unless it affirmatively appears from the record that such conclusion by the trial court is erroneous. Let us now measure the case at bar by this rule. The judgment of the lower court herein is based upon the following finding of fact:

"That said cause was tried before Brooks Fort, a justice of the peace of Pittsburg county, on the 7th day of March, 1911; that on the 10th day of March, 1911, the defendant filed its appeal bond, and that the transcript of the record was not made out nor filed in the office of the clerk of the superior court until the 7th day of October, 1912, and it appeared to the court that

the appellant failed to prosecute its appeal to effect without unnecessary delay."

The judgment recites that these facts are found from the evidence introduced. Just three questions of fact are settled by the findings of the court, as follows: First. Judgment was rendered against the defendant on the 7th day of March, 1911. Second. Defendant filed its appeal bond with the justice on the 10th day of March, 1911. Third. The justice failed and neglected to make out and file the transcript of the record with the clerk of the superior court until the 7th day of October, 1912. Upon these facts the court dismissed the appeal. There is only one proposition upon which the court could possibly have acted, and that is, the failure of the justice of the peace to file the transcript within the time prescribed by law. But in *C., R. I. & P. Ry. Co. v. Moore*, 34 Okla. 199, 124 Pac. 989, this court, speaking through Sharp, C., says:

"The giving of the appeal bonds must necessarily be done by the appellant, while the making of the transcript is a duty, under the statute, of the justice of the peace."

Sharp, C., also cites with approval the case of *St. L. & S. F. Ry. Co. v. Hurst*, 52 Kan. 609, 35 Pac. 211, wherein it is said:

"Whether the justice filed the transcript with the clerk of the district court within the twenty days prescribed by the statute is immaterial."

Justice Horton, in *Haas v. Lees*, 18 Kan. 449, says:

"The failure of the justice to transmit the papers to the district court at an earlier date furnished no good reason for any dismissal of the cause."

From all the authorities which we have been able to find, we do not recall a single one which holds that an appeal should be dismissed because of the neglect of a public officer to perform a duty under statutes similar to ours.

The case of *Wettermark v. Roark*, 20 Okla. 606, 95 Pac. 228, is not applicable here, for the reason that it is under the laws of Arkansas in force in the Indian Territory at that time, and the Supreme Court of that state, construing Mansfield's Digest of Statutes on that subject, held:

"In an appeal from an inferior court to the circuit court it is the duty of the appellant to see that the transcript is filed as required; and, if he fails to do so, the circuit court may, in its discretion, dismiss or affirm for failure to prosecute the appeal."

In this case there is no laches, no neglect, or failure to perform duty, charged against the appellant. The transcript was filed in the superior court on the 7th day of October, and the motion to dismiss filed on the 8th. The appeal was dismissed by the court upon the sole and single ground that the justice failed to make out and file the transcript of record within the time required by law. There was no question of fees; no evidence that defendant failed or neglected to demand the transcript.

Under these circumstances, the case should be reversed and remanded, with directions to reinstate the appeal.

By the Court: It is so ordered.