## ST. LOUIS & S. F. R. CO. v. KEY.

No. 822.    Opinion Filed May 9, 1911.

1.  NEGLIGENCE—Question for Jury. Same as paragraph 2 of the syllabus in Harris et al. v. M., K. & T. Ry. Co., 24 Okla. 341.

2.  APPEAL AND ERROR—Change of Theory on Appeal. A jury having found against the plaintiff in error on the theory relied on by it in the court below, it will not be permitted to change front on appeal in this court and claim the right of defense on some other theory.

(Syllabus by the Court.)

*Error from LeFlore County Court; J. L. Hale, Judge.*

Vol. 28—49

Action by Edgar Key against the St. Louis and San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred Suits,* for plaintiff in error.

*J. Wesley Smith,* for defendant in error.

WILLIAMS, J. This action was originally instituted in a justice of the peace court in LeFlore county. The defendant in error as plaintiff sued to recover damages from the plaintiff in error as defendant for its killing of his horse. From a judgment in favor of the plaintiff, defendant prosecuted an appeal to the county court. The evidence on the part of the plaintiff tended to prove that the horse had been run down and killed by one of defendant's trains. This evidence consisted of tracks on defendant's roadbed for a distance of about fifteen telegraph poles up to the point where the horse was found dead. From the point where said horse was found to where the tracks began the railroad track was straight. The evidence offered by the defendant tended to prove the exercise of due care on its part. The court submitted the questions of fact to the jury under proper instructions and a verdict was returned in favor of the plaintiff. There is no contention that it is excessive. The judgment is without prejudicial error. *St. Louis & S. F. R. Co. v. Huff,* 26 Okla. 251; *Fort Smith & W. R. Co. v. Benson,* 26 Okla. 246; *Fort Smith & W. R. Co. v. Collins,* 26 Okla. 82; *Atchison, T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359; *St. Louis & S. F. R. Co. v. Loftus,* 25 Okla. 496; *Missouri, K. & T. Ry. Co. v. Ford,* 24 Okla. 352; *Harris et al. v. M., K. & T. Ry. Co.,* 24 Okla. 341; *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626.

Under the act of May 21, 1908 (Sess. Laws 1907-08, p. 22, ch. 4, art. 2), the residents of any stock district where theretofore stock had not been restrained from running at large by virtue of the provisions of sections 1 and 2 of article 1, ch. 1, pp. 39, 40, Session Laws 1903, were authorized under certain circumstances to hold an election to determine whether all domestic ani-

mals should be permitted to run at large in certain districts. *Le-flore v. Sanders,* 24 Okla. 301, 103 Pac. 858. LeFlore county is within such district or area where all domestic animals had previously been permitted to run at large. The trial in the lower court seems to have been had on the theory that the animal was not a trespasser. If the defendant in error wilfully permitted such animal to run at large and stray upon the railroad's right of way, when it was unlawful for him to do so, at most he would be guilty of contributory negligence. The question of contributory negligence could not be raised by a request for peremptory instruction in favor of the plaintiff in error. *Chicago, R. I. & P. Ry. Co. v. Beatty,* 27 Okla. 844; section 6 of article 23 of the Constitution of Oklahoma. Though the defendant requested several special instructions, neither went to the question as to whether the animal was a trespasser, or the plaintiff was guilty of contributory negligence, nor was any exception saved on account of the failure of the court to instruct on such issue. We think it is clear from the record that the case was tried in the lower court upon the theory that the animal was lawfully at large. Hence it becomes unnecessary to determine upon whom the burden rested to prove whether that portion of said county in which the animal was killed was a closed or unclosed stock district. That question is not passed on in this case.

The judgment of the lower court is affirmed.

TURNER, C. J., and DUNN and KANE, JJ., concur; HAYES, J., concurs in conclusion.