## ALEXANDER DRUG CO. v. O'DELL.

No. 5194.   Opinion Filed October 5, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 114.)

1.  SALES—Action for Price—Assumption of Debt—Pleading—Sufficiency of Evidence.   Petition examined, and held to state a cause of action, and that plaintiff's evidence reasonably sustains the allegations of the petition.

2.  TRIAL—Demurrer to Evidence.   Where the petition states a cause of action and the plaintiff's evidence reasonably sustains the allegations of the petition, it is error for the court to sustain a demurrer to the evidence and give judgment in favor of defendant.

(Syllabus by Watts, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Alexander Drug Company, a corporation, against Daisy B. O'Dell.   Judgment for defendant, and plaintiff brings error.   Reversed, and new trial granted.

*Hainer, Burns & Toney,* for plaintiff in error.

*George J. Eacock,* and *Gray & McVay,* for defendant in error.

Opinion by WATTS, C.   The plaintiff in error sued defendant in error in the county court, Oklahoma county, and upon affidavit and bond being filed attachment was issued and levied upon a stock of drugs in her possession. Motion to dissolve the attachment was filed, denying the grounds thereof, and among others, alleging the indebtedness had been paid; that she was the sole owner of the property attached, and did not owe the debt or any part

thereof. The court dissolved the attachment, and the case was tried to a jury, and after the introduction of plaintiff in error's evidence the court sustained demurrer thereto and gave judgment against plaintiff in error for costs from which it appealed, and assigns and relies upon as error, the following: (1) In sustaining the demurrer to the evidence . (2) In overruling motion for new trial.

The petition is verified and substantially charges: That between June 2, 1911, and January 6, 1912, it sold and delivered to M. R. O'Dell certain merchandise in the sum of $566.34, which said O'Dell agreed to pay, and paid thereon $302.41. To the petition is attached and made part thereof a verified itemized statement of the account. That M. R. O'Dell sold and transferred to Daisy O'Dell a stock of merchandise in which was included the merchandise sold by plaintiff in error, in part consideration of which she assumed the obligation of and agreed to pay the debt to the plaintiff in error; praying judgment for $263.93, interest and costs; to which petition defendant in error filed an unverified general denial.

H. M. Ford was the only witness called for plaintiff in error and he testified: He was its credit man; that he knew M. R. O'Dell, who was engaged in the drug business and a customer of his company, for a year or more, until about the first of 1912; that he did not know what became of him, but when he left he owed plaintiff company $263.93; that Mrs. O'Dell succeeded him in business and O'Dell, he thought, left in February; that after O'Dell left he had a conversation with Mrs. O'Dell about the account, in which she stated that O'Dell had left the city and she did not know whether he would return, but that he had turned the store over to her, which she was trying to sell, and as soon as she sold out, she would pay the account; that the

stock of goods was left with her by O'Dell with the understanding she would pay the account; that the suit was instituted two or three weeks after the conversation.

The questions for decision are: Does the petition state a cause of action? and does the evidence reasonably support the allegations thereof?

We have read and studied the petition carefully, and while, perhaps, subject to motion to make more definite and certain, yet, it has the elements to withstand a demurrer to the evidence. It was drawn on the theory that O'Dell sold out to his wife, and as part of the consideration she agreed to pay this claim. The statute of frauds is not involved, because the petition charges a consideration passed to her to do the very thing she agreed to do. *Staver Carriage Co. v. Jones,* 32 Okla. 713, 123 Pac. 148, seems to settle the question, which case counsel agree correctly states the law, but say it has no application, because there is no evidence of the sale to defendant or her promise to pay; that at most, the evidence only directs payment after the stock of goods has been sold. Let us see: The evidence is that Mrs. O'Dell succeeded her husband in business; Mrs. O'Dell stated he had left the city and she did not know whether he would return; that the store was turned over to her and she was trying to sell it, and that the stock of goods was left with her with the understanding she would pay the account. There is no question in our minds but what the evidence, under the law governing a demurrer thereto, reasonably sustains the allegations.

"A demurrer to the evidence admits every fact which the testimony, together with such inferences as may reasonably arise from the surrounding circumstances, reasonably tends to prove." (*Midland V. R. Co. v. Larson,* 41 Okla. 360, 138 Pac. 173.)

Now, on a demurrer to the evidence, conflicting evidence cannot be weighed.   *Moss v. Hunt,* 40 Okla. 20, 135 Pac. 282.

"Where there is any evidence introduced at the trial of a cause reasonably tending to establish the allegations of plaintiff's petition, it is error for the court to sustain a demurrer to such evidence, and render judgment in favor of the defendant." (*McCall Bros. v. Farley & Skinner,* 39 Okla. 389, 135 Pac. 339; *Wm. Cameron & Co. v. Henderson,* 40 Okla. 648, 140 Pac. 404.)

It seems to us the drug company caught Mrs. O'Dell with the goods, so to speak, and the court should have compelled her to pay therefor.   At any rate, it was error to sustain a demurrer to the evidence, and for the reason mentioned, we recommend that the judgment of the trial court be reversed, and new trial granted.

By the Court:   It is so ordered.