### In re COMBS' ESTATE.

No. 8224—Opinion Filed July 24, 1917.

(166 Pac. 1070.)

**Wills—Probate—Appeal—Effect.**

Where the county court sustains a demurrer to evidence offered in support of a petition to probate an alleged lost will, and enters its order and judgment denying probate of will, and the proponents appeal to the district court on both questions of law and fact, held, that in the district court upon appeal cause will be heard de novo, and be considered in the same manner as if the case and proceedings had lawfully originated in said court.

(Syllabus by West, C.)

Error from District Court, Muskogee County; George C. Crump, Assigned Judge.

In the matter of the estate of Amanda M. Combs, deceased. Proceeding for the probate of an alleged lost will of deceased. On appeal to district court the instrument was admitted to probate, and contestants bring error. Affirmed.

See, also, 62 Okla. 33, 161 Pac. 801.

J. B. Campbell, C. P. Gotwals, N. B. Maxey, and Kelly Brown, for plaintiff in error.

W. C. Franklin and P. J. Carey, for defendant in error.

Opinion by WEST, C. This proceeding was originally instituted in the county court of Muskogee county to effect the probate of an alleged lost will of Amanda M. Combs, deceased. The county court sustained a demurrer to the evidence offered by the proponent of the will in support of his petition, and denied the will probate, and thereupon the proponent of the will appealed to the district court, where the cause was heard de novo and the will admitted to probate. The contestants appealed to this court by petition in error and transcript. The transcript was in the form of a case-made, but was certified by the clerk as a transcript. The certificate was defective, and, after a motion had been filed in this court to dismiss the appeal, leave was granted by this

court to amend the transcript. After this was done, defendants in error renewed their motion to dismiss. The motion to dismiss was overruled, and then motion to strike was filed, and same was sustained in part and overruled in part. Motion was sustained, striking the evidence taken in the court below, also motion for a new trial, leaving for review only such questions as might be raised by transcript proper, which under section 5146, Rev. Laws 1910, leaves for consideration of this court the petition, proceeding, return and pleadings subsequent thereto, reports, order, judgment, and all material acts and proceedings of the court.

Inasmuch as there is nothing but transcript before this court, all assignments of error of contestants, appellants here, have been disposed of by motion to strike, unless it be the fifth assignment, which is as follow:

"Because the judgment of the court was contrary to the law governing this case."

Under this assignment it is argued that, inasmuch as the county court sustained a demurrer to the evidence in support of the probate of the will, and the proponents have appealed to the district court of Muskogee county from this action of the county court of Muskogee county, the only province of the district court upon appeal was to review the action of the county court in sustaining the demurrer to the evidence, and either approve and affirm such action, or reverse the action of the county court in sustaining the demurrer and order a new hearing, and in compliance with this order proceed to hear the case de novo, and that it was beyond the province of the district court under the circumstances to try the cause de novo, as was done.

Section 16, art. 7, of our Constitution, is as follows:

"Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals will be taken from the judgment of the county court to the district court of the county, in the same manner as is now provided by the laws of the territory of Oklahoma, for appeals from the probate court to the district court, and in all cases appealed from the county court to the district court, the cause shall be tried de novo in the district court upon questions of both law and fact."

Sections 6514 and 6515, Rev. Laws 1910, are as follows:

"6514. Same—Powers of the Appellate Court. The plaintiff in the county court shall be the plaintiff in the district court, and when the appeal is on a question of law alone the appellate court may reverse, affirm or modify the judgment, decree or order, or the part thereof appealed from, and every immediate order which it is authorized by law to review, in any respect mentioned in the notice of appeal, as to any or all parties, and it may order a new hearing. Upon such appeal, so much of the evidence as may be necessary to explain the grounds, and no more, may be certified into the appellate court.

"6515. Questions of Fact Tried De Novo. When the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the county court or judge had, and it may, in its discretion, as in suits in chancery, and with like effect, make an order for the trial by jury of any and all the material questions of fact arising upon the issues between the parties, and such an order must state distinctly and plainly the questions of fact to be tried."

The notice of appeal, with copy of order and judgment of the county court denying the probate of the will attached, stated that the appeal was taken on both questions of law and fact, and demanded a trial de novo in the district court of Muskogee county. The trial in the district court upon the appeal appears to have been had de novo—that is, as if the case and proceedings had lawfully originated in that court; and this mode of trial appears by the record to have been acquiesced in by contestants, plaintiffs in error here, and the objection as to mode of trial on appeal raised here and argued, seems first to have been raised in this court. It is well settled that a party in the appellate court is bound by the theory on all actions tried in the court below and will not be permitted for the first time to inject new questions on appeal. In the case of C., R. I. & P. Ry. Co. v. McBee, in 45 Okl. 192, 145 Pac. 331, the first paragraph of the syllabus is as follows:

"1. Appeal and Error — Action — Nature and Form—Change of Contention. A party is bound in the appellate court, as to the nature and form of the action, by the theory upon which it was tried. 2. Cyc. 71."

In the body of the opinion the court used the following language:

"It is a rule of universal application that, where both parties to a cause act upon a

particular theory of the cause of action, they will not be permitted to depart therefrom when the case is brought to an appellate court for review." 2 Cyc. 670; Harris v. First National Bank of Bokchito, 21 Okla. 189, 95 Pac. 781; Queen Insurance Co. v. Cotney et al., 25 Okla. 125, 105 Pac. 651.

However this may be, inasmuch as this appeal was taken on both questions of law and fact, it is our opinion that the same should have been conducted in the same manner in the district court of Muskogee county as if the case and proceedings had lawfully originated in that court. It appears to us that, under the constitutional provision, supra, relative to an appeal in probate matters from the county court to the district court, and statutes above quoted, that an appeal from an order or judgment of the county court denying a will to probate, upon proper notice setting forth that the appeal is on both questions of law and fact, should be tried in the district court as though that court was hearing the application for the probate of the will in the first instance.

This being true, under the state of the record in this case, there appears no error upon the transcript as now before the court in the order of the district court of Muskogee county probating said will, and the judgment of said district court, admitting said will to probate, is accordingly affirmed.

By the Court: It is so ordered.