BROOKS PACKING CO. v. WILLIS.

No. 30660. May 11, 1943.

Rehearing Denied May 25, 1943.

137 P. 2d 923.

R. R. Linker and F. E. Riddle, both of Tulsa, for plaintiff in error.

Elmore A. Page and Coffey & Coffey, all of Tulsa, for defendant in error.

R. R. Linker and F. E. Riddle, both of Tulsa, for plaintiff in error.

Elmore A. Page and Coffey & Coffey, all of Tulsa, for defendant in error.

OSBORN, J. This action was commenced in the court of common pleas of Tulsa county by Cecil Willis, hereinafter referred to as plaintiff, against Brooks Packing Company, hereinafter referred to as defendant, wherein the plaintiff, as an employee of the defendant, sought recovery of a sum of money alleged to be due him as wages while employed by defendant. The cause of action was predicated upon the Fair Labor Standards Act of 1938, Title 29, U. S. C. A. §§ 201-219, 52 Stat. 1060. The facts with reference to the payment of wages, the period of employment, and the nature of the duties and activities of plaintiff as such employee, were stipulated. The cause came on for trial; a jury was waived; no evidence was introduced by either party, and the cause was submitted to the court upon written and oral stipulations. Judgment was entered in favor of plaintiff, from which the defendant appealed.

Defendant owns and operates a meat packing industry near the city of Tulsa, Okla. Plaintiff was employed by defendant from on or about July 6, 1939, to May 16, 1940. The portions of the stipulations which relate to the plaintiff's duties and activities are as follows:

". . . (2) It is further agreed and stipulated that in the discharge of his duties, the plaintiff herein worked the hours as set forth in the schedule attached to his petition herein and that he was paid for said work the sums of money as set forth in said petition and schedule attached and that in the discharge of his duties he packed, prepared and shipped out to retail merchants within the confines of the State of Oklahoma certain cheese, lunch meat and salt pork, part of which had been purchased by the defendant herein outside of the State of Oklahoma. . . .

"(4) It is further stipulated and agreed that the plaintiff herein in the performance of his employment for the defendant herein had left over from the products he had prepared for shipment to the retail trade within the State of Oklahoma a small quantity of scraps and bones, some of which were later placed in the cooking vats where they were processed into the tankage which was later shipped out of the State of Oklahoma.

"(5) It is further stipulated and agreed that the defendant herein is engaged entirely in the wholesale business in the sale of all of its edible products and was engaged in the wholesale business insofar as the products handled by the plaintiff herein were concerned. . .

"(8) Mr. Linker: It is further stipulated and agreed by and between the parties in this case that during the time that plaintiff herein was employed by the defendant herein that the defendant herein in another department prepared, processed, shipped out and sold to customers outside the State of Oklahoma certain inedible products.

"(9) It is further stipulated and agreed that the department in which the plaintiff herein was employed during the time as set forth in his petition in this cause was the shipping department, but that the particular department in which he was employed handled none of the inedible products that were shipped to customers outside of the State of Oklahoma."

The Fair Labor Standards Act, by its terms, is limited to employees engaged in interstate commerce or in the production of goods for interstate com-

540

merce. It does not extend to employment that merely affects interstate commerce. Jewel Tea Co. v. Williams (C. C.A. 10th) 118 Fed. 2d 202.

The application of the act depends upon the character of the employee's activities. The burden was upon the plaintiff to prove that in the course of performing services for defendant and without regard to the nature of its business, he was, as such employee, engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the act. Brooks Packing Co. v. Henry, 192 Okla. 533, 137 P. 2d 918, this day decided; and Warren-Bradshaw Drilling Co. v. Hall, 87 L. Ed. 99.

We will first consider that portion of the stipulation relating to the duties of plaintiff in the shipping room, wherein it is stated that he packed, prepared, and shipped out to retail merchants within the State of Oklahoma certain cheese, lunch meat, and salt pork, part of which had been purchased outside of the state. In the case of Jewel Tea Co. v. Williams, supra, it was said:

"The mere fact that an anticipated local transaction causes a movement in interstate commerce is not sufficient to constitute the local transaction a part of interstate commerce. The language of the Supreme Court in Schechter Corporation v. United States, 295 U. S. 495, 543, 55 S. C. 837, 849, 79 L. Ed. 1570, 97 A. L. R. 947, is apposite: 'The mere fact that there may be a constant flow of commodities into a state does not mean that the flow continues after the property has arrived and has become commingled with the mass of property within the state and is there held solely for local disposition and use. So far as the poultry here in question is concerned, the flow in interstate commerce had ceased. The poultry had come to a permanent rest within the state. It was not held, used, or sold by defendants in relation to any further transactions in interstate commerce and was not destined for transportation to other states. Hence, decisions which deal with a stream of interstate commerce— where goods come to rest within a state

temporarily and are later to go forward in interstate commerce—and with the regulations of transactions involved in that practical continuity of movement, are not applicable here.' "

In order for plaintiff to show that the duties he performed in the shipping room were in interstate commerce, it would be necessary to show that the goods packed and shipped by him had not acquired a fixed situs within the state and were not held solely for local disposition and use. It is noted that the stipulations in this respect are wholly insufficient to show that plaintiff was engaged in interstate commerce.

It was further stipulated that plaintiff had left over from the products he had prepared for shipment to retail trade within the state a small quantity of scraps and bones which were later processed into tankage and shipped out of the State of Oklahoma, but the stipulation does not disclose whether or not plaintiff had any duties to perform in connection with the processing of said scraps and bones into the product which was sold in interstate commerce.

The fact that defendant is engaged in the wholesale business is decisive of no issue involved herein in that it is stipulated that all of the goods packed and shipped by plaintiff were sold within the state.

The further stipulation that the particular department in which plaintiff was employed handled none of the inedible products that were shipped outside of the state, lends support to defendant's contention that none of the plaintiff's duties and activities were connected with the processing of the goods which were sold in interstate commerce.

We, therefore, hold that the stipulations are ineffective to sustain the burden of proof that plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.