## HARLAND OIL CO. v. PATTISON.

### No. 31531.   Nov. 28, 1944.

*153 P. 2d 622.*

Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for plaintiff in error.

Elmore A. Page, of Tulsa, for defendant in error.

BAYLESS, J.   C. E. Pattison sued Harland Oil Company, a corporation, in the district court of Osage county, Okla., under the federal wage and hour law to recover the penalty provided where an employer violates that law in his relations with his employee. The employee was successful, and the employer appeals.

Four points are argued by employer, but one has merit and must be sus-tained. This necessitates a reversal of the judgment and obviates the necessity for considering the others.

Employer argues that there is insufficient evidence on the part of employee that he was engaged in commerce or in the production of goods for commerce. 29 U.S.C.A. 206.   The employee's evidence on this point consisted of proof of his services as roustabout on producing leases of employer, the production, as stated in employee's brief, ". . . being pumped from that lease went into a 55,000 barrel tank and then into the Cosden Pipe Line Company at Hominy, Oklahoma, and from there it went to the Mid-Continent Refinery at Tulsa, Oklahoma."   Employee ,says further: "It is true that there was no direct testimony on the part of the plaintiff that the Mid-Continent Refinery at Tulsa, Oklahoma, shipped goods in interstate commerce, but that is a fact which will be presumed and of which this court will take judicial cognizance."   Are we permitted to supply the lack of this testimony by saying, as a court, it is well known that employer or Mid-Continent Refinery at Tulsa, Oklahoma, send all or a part of the oil involved into interstate commerce?

This must be answered in the negative.   It appears that whether a particular business or those who pursue it do inter- or intrastate is a matter that can be noticed judicially under certain circumstances and with respect to certain issues. 23 C.J. 66 § 1823, note 50.   Fundamental issues that involve not only the jurisdiction but those also that form the crux of the basis for relief that may or may not be of the inter- or intrastate type cannot be so noticed.   We had occasion to point out in C., R.I. & P. Ry. Co. v. McBee, 45 Okla. 192, 145 P. 331, that while it was a matter of common knowledge that a great trunk line railway company engages in interstate transactions and thus a thing for the court to judicially take notice of, yet it was equally well known that many of its acts were of an intrastate nature, and, where the particular relief depended upon which type of transaction was in-

volved, proof was necessary on the particular issue.

We think that reasoning applies here, and especially because of the language of the federal act making its provisions apply to those who engage in the production of goods for commerce and excluding from its effect those who engage in the production of goods not for commerce. We see nothing in the various federal decisions that lends the slightest support to the right of a claimant under this act to depend upon the notice or knowledge the trial court may have on the interstate character of his employer's business or the employee's production activities to relieve him of the burden of proof spoken of in Kirschbaum v. Walling, 316 U.S. 524, 86 L. Ed. 1648, Warren-Bradshaw v. Hall, 317 U.S. 88, 87 L. Ed. 83, and other federal decisions. In the latter case reference is made to the sufficiency of the evidence in the record to support the finding respecting the employee's production activities, and later in the decision reference was made also to the nature and details of the evidence touching on the interstate movement of the oil. Following the various federal decisions, we said in Brooks Packing Co. v. Willis, 192 Okla. 538, 137 P. 2d 923, that the burden is on the claimant to prove that he engaged in the production of goods for interstate commerce. The actual existence of this fact is absolutely essential to the employee's right to recover under the act.

The judgment appealed from is reversed.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.