## NOEL v. SALTER.

No. 6647.　Opinion Filed April 18, 1916.

(157 Pac. 133.)

**JUSTICES OF THE PEACE—Appeal—Jurisdiction of Appellate Court.**
Where the party appealing from a judgment of a justice of the peace files a bond designating that such appeal is to be taken to the county court, pursuant to section 5465, Rev. Laws 1910, and the justice certifies the cause to that court, where it is finally lodged, such court has jurisdiction; that portion of the section providing that the appellant shall advise the justice of the court to which the case is to be transferred being merely directory.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Action by L. A. Salter against James F. Noel. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Titus & Talbot,* for plaintiff in error.

*L. A. Salter, in pro. per.*

Opinion by RITTENHOUSE, C.   On June 28, 1913, L. A. Salter recovered judgment for $100 and costs against James F. Noel before C. A. Hash, a justice of the peace in the city of Cherokee, Okla.   On July 3, 1913, James F. Noel filed an appeal bond with said justice which was approved the next day, and subsequently the bond, together with the other papers in said cause, was filed in the office of the clerk of the county court of said county, which was the court designated in the bond, and to which the justice certified the cause as shown by his record.   Through some means not disclosed, the files in said cause were taken, without order of court, from the county court and filed with the clerk of the district court of said county, after which an order was made in the district court returning the papers to the clerk of the county court.   On January 7, 1914, defendant in error filed a motion in the county court to dismiss the appeal, contending that, by reason of the failure of the appellant to advise the justice, under section 5465, Rev. Laws 1910, of the court to which the appeal should be transferred, and the failure of the justice to enter upon his docket a statement as to what court said cause would be transferred, and the failure to file the transcript in either court within the time prescribed by statute, the county court did not obtain jurisdiction.

The question of the filing of the papers within 20 days was before this court in *Chicago, R. I. & P. Ry. Co. v. Elsing,* 52 Okla. 329, 152 Pac. 1091, and the cases from this state and Kansas are reviewed in detail therein.   In that case it was held that the failure of the justice of the peace to file papers in the court to which the appeal was taken within the time prescribed by statute furnished no good reason for a dismissal of the cause.   The docket shows

that the justice did enter a certificate showing that the cause was transferred to the county court of said county.

The questions involved in this action are: Did the appellant advise the justice to which court the cause should be transferred? And if he did not, was said provision mandatory or merely directory? Section 5465, *supra*, provides:

"The party appealing shall advise the justice, of the court to which the appeal is to be transferred, and the justice shall thereupon enter upon his docket an order specifying the court having jurisdiction of such appeal."

It is contended that the appeal is not complete with the filing and approval of the appeal bond, but that it is necessary for the party appealing to advise the justice to which court the appeal is to be transferred; that it is as much the duty of the appellant to advise the justice of this fact as it is to file the bond, and neither the one nor the other completes the appeal, the two conjoint acts being required to complete such appeal. In this reasoning we cannot agree. The bond provided for an appeal to the county court. The transcript of the justice court shows that the cause was certified to the county court, where the papers were afterwards filed. Whether the appellant formally requested, independent of the conditions of the bond, that the cause be sent to the county court, is not shown by the record. He may have so requested, but it is unnecessary for us to decide the question in this action. The bond was a sufficient advice, and the court was not misled by a failure to formally state to which court he desired an appeal. The designation of the court to which an appellant desires to have his cause transferred on appeal under this section is merely directory, and not mandatory;

and where the bond contains the name of the court to which the appeal is to be taken, and the cause is certified and lodged in such court, there has been a sufficient compliance with the statute.

The judgment should therefore be reversed and the cause remanded, with instructions to the trial court to proceed in conformity with this opinion.

By the Court: It is so ordered.