**HEDRICK et al. v. KABITT.**

No. 7845—Opinion Filed Nov. 15, 1916.

(161 Pac. 215.)

**Ju tices of the Peace—Appeal—Perfection.**

The provision of section 5465, Rev. Laws of 1910, directing how an appeal may be taken from the justice of the peace court to the district, county, or superior court, is directory, and not mandatory; and, where the party appealing from the justice court prepares an appeal bond therein, naming the court to which said appeal is to be taken, and the justice's transcript is duly lodged therein, said appeal is duly perfected, and it was error to dismiss the same for the reason that no order or direction was given to the justice, by the party appealing, of the court, other than the bond itself.

(Syllabus by Hooker, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Charles Kabitt against Becky Hedrick and another, begun in justice's court and appealed by defendants to the district court. The appeal was quashed, and defendants bring error. Reversed and remanded, with directions.

A. R. Lamb, for plaintiffs in error.

Opinion by HOOKER, C. On December 25, 1913, Charles Kabitt filed his bill of particulars against Beck Hedrick and A. A. Hedrick as defendants before E. H. Johnson, a justice of the peace of Craig county, praying for a judgment against them in the sum of $39.50. Upon January 8, 1914, a trial was had before a justice of the peace and without a jury, and a judgment was rendered in favor of the plaintiff, Kabitt, and against the defendants above named, for the sum prayed for. Thereafter, on the 13th day of January, 1914, the said defendants below presented to the justice of the peace an appeal bond, which was in proper and statutory form, which bond by its terms directed that the appeal be taken to the district court of Craig county. This bond was duly signed and acknowledged before the justice of the peace and approved by him, and said appeal was duly filed in the district court of Craig county, together with all of the papers and files and justice's transcript as provided by statute. On the 16th day of April, 1914, the plaintiff below moved the district court to quash the appeal, for the reason that, at the time said defendants attempted to appeal from the final judgment of the justice of the peace rendering such judgment, they did not advise the justice of the peace of the court

to which the appeal was to be taken. The court heard the testimony upon this issue and sustained the motion.

It appears from an examination of the record before us that the appeal bond in question directs that the appeal shall be taken to the district court of Craig county, and it further appears that the transcript of the justice's proceedings on appeal therefrom was duly filed in the district court of Craig county, together with all of the pleadings, documents, etc., had in said justice court. Under section 5465, Revised Laws of 1910, an appeal from a justice of the peace may be had to the district, superior, or county court, and the party appealing shall advise the justice of the court to which the appeal is to be transferred, and it is the duty of the justice of the peace to perfect said appeal to the court to which he is ordered and directed by the party appealing, and to enter upon his docket an order, specifying the court having jurisdiction of such appeal, and the appeal bond shall also designate the court to which the appeal is to be taken. The trial court held this provision of the statute mandatory, and dismissed the appeal, for the reason that no verbal order or written direction was given by the party appealing from the justice of the peace court to the district court, designating the court to which said appeal should be taken, other than the bond itself. In our opinion this provision of the statute is merely directory: and, where the bond prepared by the party appealing from a judgment of the justice of the peace designates the court to which said appeal is to be taken, and the transcript and pleadings in conformity thereto are filed in said court, there is a substantial compliance with the statute, and it is error to dismiss the appeal where these things have been done. This court in the case of Noel v. Salter, 57 Okla. 361, 157 Pac. 133, said:

"It is contended that the appeal is not complete with the filing and approval of the appeal bond, but that it is necessary for the party appealing to advise the justice to which court the appeal is to be transferred; that it is as much the duty of the appellant to advise the justice of this fact as it is to file the bond, and neither the one nor the other completes the appeal, the two conjoint acts being required to complete such appeal. In this reasoning we cannot agree. The bond provided for an appeal to the county court. The transcript of the justice court shows that the cause was certified to the county court, where the papers were afterwards filed. Whether the appellant formally requested, independent of the conditions of the bond, that the cause be sent to the county court is not

shown by the record. He may have so requested, but it is unnecessary for us to decide the question in this action. The bond was a sufficient advice, and the court was not misled by a failure to formally state to which court he desired an appeal. The designation of the court to which an appellant desires to have his cause transferred on appeal under this section is merely directory, and not mandatory; and, where the bond contains the name of the court to which the appeal be taken, and the cause is certified and lodged in such court, there has been a sufficient compliance with the statute."

It therefore follows that the motion to dismiss the appeal filed in the district court of Craig county was improperly sustained, and this cause is therefore reversed and remanded, for proceedings consistent with this opinion.

By the Court: It is so ordered.