Nos. 22,569 and 22,695.

ADOLPH LOTZ, Jr., *Appellant*, v. THE CITY OF KANSAS CITY, *Appellee.*

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Widening City Street—Appraisement —Partial Report of Commissioners.*   The provisions of sections 1264 to 1267, General Statutes of 1915, authorizing commissioners, appointed to appraise and assess the damages to property taken for public use in cities of the first class, to make partial reports from time to time are construed, and *held*, that such reports are partial only in the sense that they do not embrace all the property to be taken and condemned; they are final as to the particular lots and tracts of land included therein.

2. SAME—*Appeal from Partial Report of Commissioners—Time.*   The landowner who desires to appeal from the award shown by such partial report must appeal within ten days from the filing of the report.

3. SAME—*Appeal from Partial Report of Commissioners — Jurisdiction of District Court.* The jurisdiction of the district court in an appeal from a partial report of commissioners is in no wise affected by the fact that the appraisers in their final report, filed afterwards, show a complete record of their entire proceedings, including the findings made in the partial report.

4. SAME—*Appeal—Irregularly Signed Appeal Bond—Jurisdiction of District Court.* Where the surety on the appeal bond of a landowner signs the affidavit qualifying as surety but fails to sign the body of the bond, and no objection to the sufficiency of the bond is raised by the city, the landowner cannot urge the defect in order to defeat the jurisdiction of the district court.

5. SAME —*Appeal — Trial — Judgment — Motion to Vacate Entire Proceedings Properly Overruled.* Within ten days from the filing of the partial report of appraisers the landowner duly appealed to the district court. There was a trial and verdict in his favor increasing the amount of his damages. Both parties were dissatisfied, and the court set the verdict aside. The second trial resulted in a verdict for a sum considerably less than the award fixed by the appraisers. The landowner's motion for a new trial was overruled, whereupon he filed a motion to vacate the entire proceedings, claiming that the district court had no juridiction by reason of a technical defect in the appeal bond given by him, and on the further ground that no appeal lies from an award in a partial report. *Held*, that the motion to vacate was properly overruled.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed December 11, 1920. Affirmed.

*Henry E. Dean*, and *Thomas A. Pollock*, both of Kansas City, for the appellant.

*H. J. Smith, William Drennen*, and *A. H. Skinner*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Adolph Lotz, jr., was one of several owners of property in Kansas City, Kan., which the city desired to condemn for the purpose of widening a street. The commissioners appointed by the district court to find the value of the property and to award the damages for the property taken allowed Lotz $2,475. He was dissatisfied and appealed from the proceedings to the district court where there was a trial before a jury and a verdict awarding him $3,112.50. This

amount was satisfactory neither to him nor to the city, and each party filed a motion for a new trial, which the court granted.

On the second trial the jury awarded Lotz only $2,050 and the court refused to grant him a new trial. He then filed a motion asking the court to vacate the entire proceedings on the ground that the court had no jurisdiction of his appeal. This was overruled and he brings the proceedings here for review.

The commissioners filed a partial report on June 15, 1916, which covered their findings with respect to several tracts of land, including that of the plaintiff. Within ten days thereafter he presented to the commissioners his appeal bond, which they approved, and he filed it with the city clerk. On July 25, 1916, the commissioners filed their final report referring therein to the partial report and setting forth again their finding made in the partial report.

The plaintiff now contends that his appeal was premature. There is no merit in this. The statute provides that the commissioners "may from time to time make partial reports, and upon completing their duties shall make a final report. All reports shall be in writing and filed in the office of the city clerk." (Gen. Stat. 1915, § 1264.) Section 1265 provides that the appraisers shall, "in their reports, accurately describe the lands by them set off and appropriated, the purpose for which the same are taken, the name of such owner, if known, and shall appraise each owner's interest and assess his damages separately, if his title can be ascertained from the public records in the office of the register of deeds." The section immediately following requires that the city clerk "shall forthwith, upon any report being filed in his office, prepare and deposit a copy thereof in the office of the treasurer of such city," and further provides that upon the recording in the office of the register of deeds of a copy of such report, the right to the possession of the lands condemned shall vest in the city and the city shall have the right to forthwith take possession thereof. (Id., § 1266.) Section 1267 provides that appeals may be taken by the party aggrieved in the same manner as from the judgment of a justice of the peace to the district court.

The purpose of the statute providing for partial reports from time to time is readily seen. There may be many own-

ers interested in the several tracts of land which must be condemned for a street, and it may be to the interest of the city to take possession of portions or tracts when they are condemned, and before the final report is made. When the partial report in this case was filed the appraisers were not ready to report in full upon all the various tracts of land, but the report was partial only in the sense that it did not embrace all the property that was to be taken and condemned. It was final as to those particular lots and tracts of land which were included in the partial report. The plaintiff was obliged to take his appeal within ten days from the filing of the partial report, and the mere fact that the appraisers saw fit in their final report to show a complete record of their entire proceedings could not deprive the district court of jurisdiction of an appeal duly taken from the award made in the partial report.

It is insisted that because the surety on the bond failed to sign the body of the bond and signed only the affidavit qualifying as surety, the bond was fatally defective. But his mere failure to formally sign the bond under the name of the principal would not relieve him from liability. Besides, the city raised no objections to the sufficiency of the bond. It was sufficient to perfect the appeal, and if objections had been made to its form, it would have been the duty of the trial court to allow plaintiff time to correct the bond. (See, *Haas v. Lees*, 18 Kan. 449, where the court said:

"Appeals are favored, and mere technical defects or omissions are' to be disregarded, as far as possible, without obstructing the course of justice." (Syl. ¶ 2.)

It seems that early in the proceedings, while the appellant was anxious to have his appeal in the district court heard, he filed a motion asking for an order directing the city clerk to certify to the district court the appeal bond. The attorney for appellant verified the motion, and in his affidavit stated that within ten days after the filing of the report of the commissioners appellant had filed his bond with good and sufficient surety, "said bond being in all respects as required by law." Apparently the appellant was well satisfied with the regularity of all the proceedings and the sufficiency of his appeal until the result of the second trial when the jury returned a verdict for a sum considerably less than the original award, and the court had overruled his motion for a new trial.

The judgment is affirmed.